```
                    UNITED STATES BANKRUPTCY COURT
                    NORTHERN DISTRICT OF GEORGIA
                           ATLANTA DIVISION

IN RE:  LAKEISHA R. WRIGHT,          {   CHAPTER 13
                                     {
                                     {
          DEBTOR(S)                  {   CASE NO. A17-71645-BEM
                                     {
                                     {   JUDGE    ELLIS-MONRO
```

**OBJECTION TO CONFIRMATION**

COMES NOW Mary Ida Townson, TRUSTEE herein, and objects to Confirmation of the plan for the following reasons:

1. The Debtor(s) has proposed to make payments directly to the Trustee but should be required to have them remitted by payroll deduction.

2. The Debtor(s) has failed to provide the Trustee with a copy of the federal tax return or transcript of such return for the most recent tax year ending immediately before the commencement of the instant case and for which a federal income tax return was filed, in violation of 11 U.S.C. Section 521(e)(2)(A)(i); specifically, the return provided to the Trustee is missing the second page of the Form 1040.

3. Due to a change in circumstances since filing, Schedules I and J do not correctly reflect the current financial situation, thereby preventing the Trustee from evaluating feasibility, 11 U.S.C. Section 1325(a)(6).

4. Schedule I (Income) may fail to accurately reflect new employment since original Schedules filed, in violation of 11 U.S.C. Section 1329 and Bankruptcy Rule 1007.

5. The Debtor has checked two boxes in Section 5.1 of the plan, preventing the Trustee from administering this plan.

6. The Debtor's (s') Schedule I reflects a contribution from the Debtor's grandmother of $500.00 per month. The trustee requests documentation regarding this contribution. If the contribution is from rental income, the trustee requests documentation such as a copy of the written lease. 11 U.S.C. Section 1325(a)(6).

Mary Ida Townson, Chapter 13 Trustee
Suite 2200
191 Peachtree Street, N.E.
Atlanta, GA 30303-1740
404-525-1110
eds@atlch13tt.com

  7.  The 2016(b) Disclosure Statement and the Chapter 13 plan are inconsistent with regard to the attorney's fees received pre-petition or to be paid in the plan, or both, in violation of 11 U.S.C. Section 329 and Bankruptcy Rules 2016(b) and 2017.

  8.  The payout of the claim(s) owed to Capital One Auto Finance will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

  9.  Pursuant to the testimony at the meeting of creditors, it appears that the obligation of Roy Grossly to the Debtor is not in the nature of back child support; rather, it represents money that the Debtor loaned to Mr. Grossly.

  WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny confirmation of this Debtor's(s') Plan and to dismiss the case; or, in the alternative, convert the case to one under Chapter 7.

  February 1, 2018

                _____/s_____
                K. Edward Safir, Attorney
                for Chapter 13   Trustee
                GA Bar No. 622149

Mary Ida Townson, Chapter 13 Trustee
Suite 2200
191 Peachtree Street, N.E.
Atlanta, GA 30303-1740
404-525-1110
eds@atlch13tt.com

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served

DEBTOR(S):

LAKEISHA R. WRIGHT
521 BLUE CEDAR COURT
RIVERDALE, GA 30274

ATTORNEY FOR DEBTOR(S):

SLIPAKOFF & SLOMKA, PC
2859 PACES FERRY RD, SE
STE 1700
ATLANTA, GA 30339

in the above in the foregoing matter with a copy of this pleading by depositing same in the United States Mail in a properly addressed envelope with adequate postage thereon.

This 1st   day of February, 2018

_____/s_____
K. Edward Safir, Attorney
for Chapter 13  Trustee
GA Bar No. 622149

Mary Ida Townson, Chapter 13 Trustee
Suite 2200
191 Peachtree Street, N.E.
Atlanta, GA 30303-1740
404-525-1110
eds@atlch13tt.com